

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,482-01

### EX PARTE TERESA LYNN GRINSTEAD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. F44452-AIN THE 413TH DISTRICT COURT FROM JOHNSON COUNTY

*Per curiam*.

### O R D E R

Applicant was charged with two counts of obtaining a controlled substance by fraud. She pleaded guilty to both counts in exchange for ten years' community supervision. Slightly more than six years after having been placed on community supervision, Applicant pleaded true to violating the conditions of community supervision. Her community supervision was revoked, and she was sentenced to two years' imprisonment for each count, to run concurrently. Applicant has since discharged her sentences, but alleges that she continues to be restrained in her liberty because these convictions could now be used to enhance future charges. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that the trial court lacked jurisdiction to revoke her community supervision, rendering her sentences void. She also alleges that her attorney at revocation was ineffective for advising her to plead to true to violating the terms of her community supervision.

Count One of the indictment to which Applicant pleaded guilty alleged obtaining Alprazolam, a Schedule III substance at the time of the offense, which would have been a third degree felony pursuant to the applicable version of Section 481.129(d)(2) of the Texas Health and Safety Code. Count Two alleged obtaining Hydrocodone, a Schedule II substance at the time of the offense, which would have been a second degree felony pursuant to the applicable version of Section 481.129(d)(1) of the Texas Health and Safety Code. However, the indictment, the plea papers, and the judgments all referred to both counts as third degree felonies. It is not clear from the habeas record whether this was a charging oversight, but it appears that all the parties were of the belief that the charges were both third degree felonies.

Both of Applicant's habeas claims are based on the fact that the maximum period of community supervision authorized for a third degree felony offense under Chapter 481 of the Texas Health and Safety Code was five years, under former Article 42.12, Section 3(b)(2)(B) of the Texas Code of Criminal Procedure, the statute in effect on the date of Applicant's offenses. Because Applicant's community supervision was revoked more than five years after she was placed on community supervision, Applicant argues that the trial court lacked jurisdiction to revoke her community supervision. For reasons that are not clear, Applicant does not allege that her original trial counsel was ineffective for allowing her to plead guilty in exchange for ten years' community supervision, but does allege that her revocation counsel was ineffective for advising her to plead true to violating the terms of that community supervision in exchange for a prison sentence after more

than five years had passed since Applicant was placed on community supervision.

Applicant has alleged facts that, if true, might entitle her to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order both trial counsel and revocation counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is restrained in her liberty under 11.07 Sec. 3(c); *Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010). The trial court shall also make findings of fact and conclusions of law as to whether trial counsel or revocation counsel's performance was deficient and whether Applicant would have insisted on a trial or contested revocation but for counsel's alleged deficient performance. The trial court shall make findings of fact and conclusions of law as to whether the trial court lacked jurisdiction to revoke Applicant's community supervision during the period of that community supervision, but after the expiration of what would have been the maximum period of community supervision authorized by statute. The trial court shall also make findings of fact and conclusions of law as to whether Applicant's original probated sentence or her sentence after revocation is void. The trial court may make any other findings and conclusions that it deems

appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 14, 2021
Do not publish